IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 10-cv-24544-KMM

COMMERCE & INDUSTRY
INSURANCE CO.,

    Plaintiff,

vs.

SANDI CONSTRUCTION, INC.;
EPOCH PROPERTIES, INC.;
CL&B CONTRACTING, INC.; and
MARIA ELENA SERVELLON TEJEDA, as
Personal Representative of the Estate of Jose Tejeda;

    Defendants.

_____/

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT IN THE ALTERNATIVE, DENYING DEFENDANT EPOCH PROPERTIES INC.'s CROSS MOTION FOR SUMMARY JUDGMENT, AND DISMISSING DEFENDANT EPOCH PROPERTIES INC.'s COUNTERCLAIM**

THIS CAUSE came before the Court upon Plaintiff's Motion for Summary Judgment (ECF No. 64), Plaintiff's Motion for Summary Judgment in the Alternative (ECF No. 67), and Defendant Epoch Properties' Cross Motion for Summary Judgment (ECF No. 66). These Motions are now fully briefed and ripe for review.

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, the Court enters the following Order.

1

I.  **BACKGROUND**[1]

In this case, Plaintiff, Commerce and Industry Insurance Co. ("C&I"), seeks a declaratory judgment regarding its rights, duties, and obligations under a Workers['] Compensation and Employer[']s Liability Insurance Policy it issued to Defendant Sandi Construction ("Sandi"). This dispute stems from an accident in which one of Sandi's employees, Miguel Tejada, was killed on a job site which involved Sandi, as well as Defendants Epoch Properties Inc. ("Epoch"), and CL&B Contracting ("CL&B"). Pl. Mot. Summ. J. Stmnt. Facts ¶ 7. Miguel Tejada, an alleged illegal immigrant, was rendered unconscious by a fall from a ladder at the job site. Id. Co-workers, who were also alleged to be illegal immigrants, did not call for medical assistance, and delayed taking Miguel Tejada to the hospital for approximately 2.5 hours. Id. As a result of the injury he suffered during the fall, Miguel Tejada died three months later on March 13, 2006. Id.

Upon investigation by authorities, it became apparent that Sandi had engaged in a large scale fraud which involved falsifying the number of workers it employed in order to procure less costly workers' compensation insurance, and in turn obtain construction contracts based in part on its ability to provide proof of indemnification to general contractors. Id. ¶ 10. Investigation by the U.S. Attorney's Office revealed that while Sandi reported to C&I and First Commercial Insurance Company that it employed six individuals, it in fact employed hundreds of workers, and provided them to approximately 186 contractors in Florida. Indictment (ECF No. 64-6). A federal grand jury indicted Enrique Guevara, the accountant for Sandi, along with insurance brokers Erick Brandon and Alex Cordero, on counts of mail fraud, conspiracy to commit mail fraud, conspiracy

---

[1] The facts herein are taken from Plaintiff's Motion for Summary Judgment, Plaintiff's Motion for Summary Judgment in the Alternative, and Defendant Epoch Properties Inc.'s Cross Motion for Summary Judgment. All facts are construed in the light most favorable to the non-movant in each of the motions before the Court.

to impede and impair the Internal Revenue Service, and aiding the filing of false tax returns to commit mail fraud. Id. Although not indicted, Marco Sandi, the owner of Sandi Construction, is listed in the indictment as a co-conspirator. Id.

A suit by Miguel Tejada's wife, Maria Elena Servellon Tejeda ("Tejeda"), as representative of his estate, is currently pending in the Fifteenth Judicial Circuit in Palm Beach County. See Compl. Palm Beach Cnty. (ECF No. 64-3). As a result of that suit, C&I filed a Complaint (ECF No. 1) in the instant suit on December 20, 2010, seeking a declaration of its rights and responsibilities pursuant to a Workers['] Compensation and Employer[']s Liability Insurance Policy it issued to Sandi Construction. The Complaint names as Defendants, Sandi, Epoch, CL&B, and Tejeda, and properly alleges subject matter jurisdiction according to 28 U.S.C. §1332.[2] C&I now motions this Court for summary judgment, as well as summary judgment in the alternative. Epoch has also submitted a cross motion for summary judgment.

## II.   STANDARD OF REVIEW

Summary judgment may be entered only where there is no genuine issue of material fact. Twiss v. Kury, 25 F.3d 1551, 1554 (11th Cir. 1994). The moving party has the burden of meeting this exacting standard. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

> A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials."

Ritchey v. S. Nuclear Operating Co., No. 10-11962, 2011 WL 1490358, at *1 (11th Cir. Apr. 20,

---

[2] Plaintiff is a New York corporation with its principal place of business in New York. Compl. ¶ 5. Defendants are Florida citizens with corporate defendants having their principle place of business in Florida. Id. ¶¶ 6-9. The amount in controversy exceeds the jurisdictional minimum of $75,000. Id. ¶ 3.

2011) (quoting Fed. R. Civ. P. 56(c)(1)). An issue of fact is "material" if it is a legal element of the claim under the applicable substantive law which might affect the outcome of the case. Allen v. Tyson Foods, Inc.,121 F.3d 642, 646 (11th Cir. 1997). An issue of fact is "genuine" if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party. Id.

In applying this standard, the district court must view the evidence and all factual inferences therefrom in the light most favorable to the party opposing the motion. Id. "The mere existence of a scintilla of evidence in support of the [nonmovant's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmovant]." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

### III. ANALYSIS

#### A. C&I's Motion for Summary Judgment

The issue which this Court must decide is whether Florida Statutes § 440 ("section 440"), as interpreted in Perkins v. Perkins Drywall, 615 So. 2d 187 (Fla. 4th Dist. Ct. App. 2007) and Bend v. Shamrock Servs., 59 So. 3d 153, 161 (Fla. 1st Dist. Ct. App. 2011), applies to employer liability insurance which is part of a broad policy providing workers' compensation insurance, employer's liability insurance, and insurance for operations in "other states." Ins. Policy (ECF No. 64-2). The Court concludes that the remedial scheme of section 440 is not applicable to the employer's liability insurance in question.

C&I issued a "Workers['] Compensation and Employer[']s Liability Insurance Policy" to Sandi Construction on June 6, 2005. Id. The policy includes three parts. Part One is "Workers['] Compensation Insurance," which the policy describes as applying to "bodily injury by accident or bodily injury by disease" including that resulting in death. Id. That part of the policy goes on to

4

explain that it will pay benefits required by workers' compensation law, and that the insurance company has a right and a duty to provide a defense of any claim. Id. at 1-2. Part Two of the policy is "Employer's Liability Insurance," which also applies to "bodily injury by accident or bodily injury by disease" including that resulting in death. Id. at 2-4. Part Two of the policy requires that the insurance company pay damages when bodily injury to an employee in turn causes employer liability to a third party, results in care and loss of services, results in injury to the employee's family members, or is claimed against the employer in a capacity other than that of employer. Id. This part goes on to list, among other "Exclusions," that this insurance does not cover "any obligation imposed by a worker's compensation, occupational disease, unemployment compensation, or disability benefits law, or any similar law." Id. at 3. The Florida Supreme Court in Travelers Indem. Co. v. PCR Inc., recognized that "Employer's Liability Insurance," such as the type issued here, is often issued along with a workers' compensation policy and is usually intended to function as a "gap filler" providing the employer with protection in situations where the employee or a third party has a right to bring a tort claim despite the provisions of the workers' compensation statute. 889 So. 2d 779, n.7 (Fla. 2004).

At issue here is whether Florida Statutes § 440 is applicable to the Employer's Liability Insurance in Part Two of the insurance policy issued by C&I to Sandi. Florida Statutes § 440.381(7) states,

> If an employee suffering a compensable injury was not reported as earning wages on the last quarterly earnings report filed with the Department of Economic Opportunity or the state agency providing unemployment tax collection services under contract with the Department of Economic Opportunity through an interagency agreement pursuant to s. 443.1316 before the accident, the employer shall indemnify the carrier for all *workers' compensation* benefits paid to or on behalf of the employee unless the employer establishes that the employee was hired after the filing of the quarterly report . . . .

5

Fla. Stat. § 440.381(7) (emphasis added). The courts in both Perkins, and Bend, recognized the purpose and effect of the statutory scheme in section 440 as shielding employees from the fallout resulting from any malfeasance on the part of their employer. If an employer has filed false, misleading, or incomplete information relating to their workers' compensation coverage, section 440 allows a worker to recover via the employer's workers' compensation policy and then the insurance carrier can seek reimbursement from the employer who provided the erroneous information.

In determining whether section 440 applies to the Part Two Employer Liability Insurance in this policy, the Court is guided by the cardinal rule of statutory interpretation which instructs that "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut Nat'l Bank v. Germain, 112 S. Ct. 1146, 1149 (U.S. 1992) (citations omitted). Section 440 is entitled "Workers' Compensation," and section 440.015 explains the legislative intent that "Worker's Compensation Law be interpreted so as to assure the quick and efficient delivery of disability and medical benefits to an injured worker . . . ." Fla. Stat. § 440.015. Section 440.381 provides the aforementioned remedy in which the employer must indemnify an insurance carrier "for all workers' compensation benefits paid" on a claim by an employee whom the employer failed to report as an employee. The statutory language is clear in providing this remedial scheme for workers' compensation claims, however, there is no mention anywhere in section 440 of this same remedial scheme or even a similar scheme applying to claims not brought as workers' compensation claims, but instead as tort claims under an employer's liability insurance. Section 440 is unambiguous in identifying its applicability to workers' compensation claims, and the absence of mention of any other type of claim leads the Court to conclude that

6

section 440 does not apply to a tort claim which is not brought pursuant to the workers' compensation statute or under the employer's workers' compensation insurance.

C&I asserts that Florida Statutes § 627.409 is instead applicable to the insurance policy it issued to Sandi Construction. Section 627.409 allows an insurer to deny recovery and void a policy if the insured provides misrepresentations, omissions, fraudulent statements, or conceals information that is material to the risk the insurer takes on in issuing the policy. C&I presents evidence of fraud on the part of Sandi Construction in misrepresenting the number of workers the company actually employed. C&I has provided a copy of a grand jury indictment entitled "United States of America v. Enrique Guevara, Erick Brandon, and Alexandra Cordero," which details the fraudulent scheme in which Sandi Construction employed hundreds of workers and provided them to approximately 186 contractors in Florida despite only carrying insurance for six employees with C&I. Indictment ¶ 7; see also Aff. John D. Haller, C&I VP Claims (ECF No. 64-13).

There is no question of material fact with regard to Sandi Construction's fraudulent misrepresentations, and section 627.409 supports voiding Part Two, or the Employer's Liability Insurance portion of the insurance policy. While the policy does not contain a severability clause, the Court views Parts One and Part Two as essentially separate and distinct policies themselves. They are separated by very clear headings indicating each part, and each begins with a separate and distinct recitation of how the insurance applies, whom C&I will pay, whom C&I will defend, limits of liability, and statutory provisions. Ins. Policy at 1-4. Although contained in one broad policy labeled "Workers['] Compensation and Employer[']s Liability Insurance Policy" the two parts are essentially separate policies which cover very different types of claims. Part One pays benefits required of the employer by workers' compensation law. Id. Part Two pays benefits to third

parties or family members when an employee's injury results in care or loss of services, injury to the employee's family members, or a claim against the employer in a capacity other than that of employer. Id. In addition to the separate and distinct nature of these parts, because Part Two does not provide benefits or compensation pursuant to workers' compensation claims, it would be inappropriate to apply section 440 to Part Two of the policy. The Court, however, clarifies that its holding here today is that section 627.409 is only applicable to Part Two of the "Workers['] Compensation and Employer[']s Liability Insurance Policy." Part One of the policy, providing "Workers['] Compensation Insurance," is clearly governed by section 440.

B.  Epoch's Cross Motion for Summary Judgment and Counterclaim

At the end of its Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, Defendant Epoch Properties, Inc. requests that the Court clarify "the application of Florida's workers' compensation law regarding the rights and remedies of Plaintiff, Sandi, Epoch, and the Estate of Tejeda." Opp. Pl. Mot. and Cross Mot. Summ. J. ¶ 28.

Federal courts have a duty to exercise the jurisdiction granted them, however, that duty is not absolute, and ultimately rests with the court's discretion. See Will v. Calvert Fire Ins. Co., 437 U.S. 655, 664 (1978). "In the declaratory judgment context, the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration." Wilton v. Seven Falls Co., 515 U.S. 277, 288 (U.S. 1995)

While the Court makes a declaration regarding the status of the insurance policy C&I issued to Sandi, the Court makes no determination of the nature and type of claims that Defendant Tejada may bring as a plaintiff in tort. The issue before this Court upon C&I's Complaint is a determination of C&I's rights and responsibilities pursuant to the insurance policy that C&I issued

to Sandi. The Court is aware of the pending suit in Palm Beach County wherein Tejada, as Plaintiff, has alleged counts for negligence and intentional tort against Epoch, Sandi, and CL&B Construction. Palm Beach Cnty. Ct. Fourth Am. Compl. (ECF No. 64-3). That case has been pending in Palm Beach County since 2008, well in advance of the litigation in the instant case, which was filed in December 2010. Id. The determination of Tejeda's rights and remedies as a plaintiff, as well as those of the other parties, is an issue for the court in the suit pending in Palm Beach County and the tenants of federalism dictate that this Court not encroach upon that jurisdiction.

The Court similarly dismisses part of Epoch's Counterclaim in which it seeks "an affirmative determination and declaration from this Court . . . that Mr. Tejada was an employee and therefore a beneficiary of the statutory scheme of workers' compensation which is designed to benefits [sic], irrespective of any fraud by the employer." Defendant Tejada's rights and her deceased husband's status under Florida's workers' compensation law are not a matter before this Court, but instead those determinations are the province of the court in Palm Beach County. The remainder of Epoch's counterclaim has been addressed by this Order and the entire counterclaim is therefore dismissed with prejudice.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED AND ADJUDGED that Plaintiff C&I's Motion for Summary Judgment (ECF No. 64) is GRANTED. Part Two of the "Workers['] Compensation and Employer[']s Liability Insurance Policy" C&I issued to Sandi is void pursuant to Florida Statutes § 627.409. C&I has no duty to defend Sandi under Part Two of the policy for allegations in the tort suit alleged by Tejada.

It is further

ORDERED AND ADJUDGED that Plaintiff C&I's Motion for Summary Judgment in the Alternative (ECF No. 67) is DENIED AS MOOT. It is further

ORDERED AND ADJUDGED that Defendant Epoch's Cross Motion for Summary Judgment (ECF No. 66) is DENIED. It is further

ORDERED AND ADJUDGED that Defendant Epoch's Counterclaim is DISMISSED WITH PREJUDICE. The Clerk of the Court is instructed to CLOSE this Case. All pending motions are DENIED AS MOOT.

DONE AND ORDERED in Chambers at Miami, Florida this 6th day of October, 2011.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

cc:   All counsel of record